### BOWN'S EXECUTORS V. BURREL.

A general conveyance, made by an insolvent of all his estate for the benefit of his creditors, is not conclusive upon the creditors who disagree to it.

ACTION of ejectment for land. Issue to the jury. The plaintiff's title was the levy of an execution against Benedict, who was former owner of the land, made on the day of June A. D. 1789.

The defendant sets up title under a deed from said Benedict, dated in January A. D. 1789 to all his creditors, except one Greenleaf, the plaintiff being one, each to take in proportion to their debts; the plaintiff refused to have anything to do with the deed, and attached the land and had it set off upon execution for his debt.

The question in this case was — Whether Bennet's deed of his lands to all his creditors, except one was good; or was a fraudulent conveyance and void.

The jury found a verdict for the defendant. The court returned them to a second consideration. ADAMS and CHAUNCEY, JJ., were for accepting the verdict. The jury adhered to their verdict; but it appeared to the court to be a fraud upon both the law and the creditors for debtors thus to convey their estates, preferring whom they pleased. This is depriving the creditors of the remedy which the law gives them to secure and recover their debts.

The case of Hovey v. Clark et al. adjudged at Windham, March term A. D. 1788, was determined upon these principles, in favor of the attaching creditor, and is decisive of the point contended for by the plaintiff in this case. There the deed was given for the benefit of all the creditors, Hovey being one, refused to take by the deed, and attached the estate, obtained judgment, and had the land set off upon the execution; then brought his action for the land against the defendants, who held under the deed. Verdict and judgment was for the plaintiff to recover.